IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **PRIMERICA LIFE INSURANCE COMPANY,** <br><br> Plaintiff, <br><br> v. <br><br> **DAYNA GOATES, et al.,** <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:13CV43DAK <br><br> Judge Dale A. Kimball |

This matter is before the court on a Motion for Disposition of insurance policy proceeds that have been interpleaded to this court. The motion was filed on October 1, 2013 by Defendant Dayna Goates, individually and as legal guardian of K.G. and A.G, and joined in by Defendant Alexa Winnie on November 1, 2013. On November 6, 2013, Goates filed a Notice to Submit for Decision. Defendant Jill Hansen has not filed a joinder or an opposition. The court finds that oral argument would not significantly aid in the determination of the motion. Accordingly, the court enters the following order based on the memoranda submitted by the parties and the law and facts relevant to the motion.

**BACKGROUND**

Goates is the ex-wife of Michael G. Goates, deceased. Goates and the decedent had two children together, K.G. and A.G., both of whom are minors. Decedent's life insurance policy issued by Primerica named Goates and Defendant Alexa Winnie as primary beneficiaries and Jill Hansen as contingent beneficiary. Alexa Winnie is Goates' daughter and decedent's

former stepdaughter.  Jill Hansen is Goates' sister.

Since the issuance of the insurance policy on or about September 14, 2000, Goates has made all premium payments from her own independent checking account.  Although the decree of divorce provided that each party was to maintain a life insurance policy on their own life in an amount sufficient to cover their child support and alimony obligations, Goates continued to make the premium payments on decedent's policy.  Decedent was also in arrears to Goates for approximately $144,326.07 in child support and alimony at the time of his death.

## DISCUSSION

In 1998, the Utah Legislature created a statutory presumption that divorce changes the status of a former spouse's beneficiary status.  *See* Utah Code Ann. § 75-2-804(2) (2012).[1]  Such statutes are known as "revocation-upon-divorce" statutes.  However, the statutory presumption can be rebutted by the express terms of a governing instrument, a court order, or a contract relating to the division of the marital estate.  *Id.*

The court concludes that Goates has demonstrated that the statutory presumption does not apply in this case.  Goates has made all the payments on the policy from her own independent checking account, even since the divorce.  As such, Goates was the rightful owner of the policy at the time of her divorce and at the time of Mr. Goates' death.  The statute does not apply to cut off Goates as a beneficiary and Goates is a rightfully designated beneficiary to the life insurance proceeds.  Moreover, Defendant Winnie has joined in Goates' motion and Defendant Hansen has not opposed the motion.  Accordingly, the court grants Goates' motion for disbursement.

---

[1] The statute was changed in 2013 to effectively exempt life insurance policies.

## CONCLUSION

Based on the above reasoning, the court concludes that the proceeds of the life insurance policy should be disbursed to Defendant Dayna Goates. No later than ten days from the date this Order, defendants shall notify the court of the exact wording for the requested disbursement. The Clerk of Court shall then disburse the funds.

DATED this 5th day of December, 2013.

                BY THE COURT:

                _____
                DALE A. KIMBALL
                United States District Judge